UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| *In re*: Brandon L. Phillips,<br>Attorney at Law, Bar No. 12264 | Case No. 2:23-ms-00073-MMD<br><br>ORDER OF SUSPENSION |

I. **SUMMARY**

This is an attorney discipline matter. Before the Court is Brandon L. Phillips' response to the Court's Order to Show Cause ("OSC") why he should not be suspended from practice before this Court following the Order of Suspension filed by the Nevada Supreme Court ("NSC") on August 22, 2023. (ECF Nos. 1 (OSC), 4 (the "Response").) As further explained below, the Court will suspend Attorney Phillips from practice before this Court because this Court has neither the obligation, resources, nor inclination to monitor Attorney Phillips' compliance with the probationary conditions the NSC imposed on him. However, Attorney Phillips may file a petition for reinstatement once he has fully discharged those conditions and can produce a certificate of good standing from the NSC reflecting the same.

II. **BACKGROUND**

Attorney Phillips was suspended by the NSC following his conditional guilty plea to a charge that he violated RPC 1.1 (competence), 1.3 (diligence), 3.1 (meritorious claims and contentions), 3.4 (fairness to opposing parties and counsel), and 4.4 (respect for rights of third persons). (ECF No. 1 at 3.) He agreed to a one-year suspension, stayed for two years, provided he complies with certain probationary conditions. (*Id.* at 5-6.) That

means that the NSC will release Attorney Phillips from probation in 2025 assuming he complies with the conditions imposed on him.

The Court issued the OSC as to why Attorney Phillips should not be suspended from practice in this Court on October 24, 2023. (*Id.*) Attorney Phillips filed his Response on November 21, 2023. (ECF No. 4.) In his Response, Attorney Phillips argues the Court should not reciprocally suspend him with an actual suspension because he is still able to practice in Nevada state court, where he received a stayed suspension, and he is complying with the NSC's probationary conditions. (*Id.* at 2-3.)

## III. DISCUSSION

This Court imposes reciprocal discipline on a member of its bar when that person is suspended or otherwise disciplined by a state court unless it determines that the state's disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002). Specifically, the Court will only decline to impose reciprocal discipline if the attorney subject to discipline presents clear and convincing evidence that:

> (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (B) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the court should not accept as final the other jurisdiction's conclusion(s) on that subject; (C) imposition of like discipline would result in a grave injustice; or (D) other substantial reasons justify not accepting the other jurisdiction's conclusion(s).

LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney bears the burden by clear and convincing evidence).

The Court will suspend Attorney Phillips from practice before this Court because the NSC's disciplinary adjudication regarding Attorney Phillips following his conditional guilty plea appears to have been proper, and he presents no clear and convincing evidence to the contrary. Further, and as noted above, while Attorney Phillips does appear to be allowed to practice in the Nevada state courts, he is also subject to probationary conditions that this Court has neither the obligation, resources, nor inclination to monitor. (ECF No. 1 at 5-6.)

///

Despite Attorney Phillips' valid arguments in his Response, the Court sees no substantial reasons not to suspend Attorney Phillips based on its review of the record. *See* LR IA 11-7(e)(3). The Court's practice is to treat stayed suspensions by the NSC as actual suspensions in this Court, following the NSC's lead in cases where it imposes discipline instead of creating a parallel monitoring system. The Court does not wish to create an exception for Attorney Phillips in this case. "Admission to practice before the Supreme Court of Nevada, in good standing, is a continuing condition of admission to the bar of this court." LR IA 11-1(a)(1). Attorney Phillips is not currently in good standing with the NSC. Thus, he cannot currently satisfy a prerequisite for admission to the bar of this Court. Moreover, as noted both above and in other, similar orders, the Court has neither the obligation, resources, nor inclination to monitor compliance with the probationary conditions the NSC imposed on Attorney Phillips. The Court will therefore suspend Attorney Phillips.

That said, Attorney Phillips is free to petition the Court for reinstatement under LR IA 11-7(i) assuming he is able to successfully complete his term of probation with the NSC. Any petition for reinstatement should not be filed until Attorney Phillips has successfully discharged each and every probationary condition imposed on him by the NSC, and he is able to present both a certificate of good standing from the NSC and evidence sufficient to establish that his practice in the Nevada state courts is fully unencumbered by any probationary or other conditions stemming from his conditional guilty plea or any other discipline imposed on him by the NSC, such as a letter from the Nevada State Bar confirming he successfully discharged his probation.

## IV. CONCLUSION

It is therefore ordered that Brandon L. Phillips, Bar No. 12264, is hereby suspended from practice in the United States District Court for the District of Nevada.

DATED THIS 30th Day of November 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and LR 5-1, I hereby certify that I am an employee of the United States District Court, and that on this 1st day of December 2023, I caused to be served a true and correct copy of the foregoing Order of Suspension to the following party via Certified Mail, Return Receipt Requested, via the United States Postal Service, in a sealed envelope, postage prepaid, to the following:

BRANDON L. PHILLIPS, ESQ.
5 Longevity Dr.
Las Vegas, NV 89014

Certified Mail No.: 7020 3160 0000 7420 4910

/s/ Sharon H.
Deputy Clerk
United States District Court,
District of Nevada